■ SELMA G. FEINSTEIN, Respondent, v CHEMICAL BANK, Appellant, et al., Defendant. CHEMICAL BANK, Third-Party Plaintiff, v HERBERT MILDNER,

Third-Party Defendant. — Judgment, Supreme Court, New York County (Kaplan, J.), entered May 6, 1980, in favor of the plaintiff for a total sum of $18,968.56, against defendant Chemical Bank unanimously reversed, on the law and the facts, without costs or disbursements, and the complaint dismissed. The plaintiff, Selma Goldin Feinstein, was divorced from her husband in December, 1975, and was represented in that legal proceeding by the third-party defendant, Herbert Mildner. As part of the settlement of that matrimonial action, the plaintiff's husband agreed to pay $18,000 in two installments. Mildner received the first installment of $2,000 and forwarded one half of this amount to plaintiff, retaining the remainder as his fee. The second installment, a check in the sum of $16,000, was received and retained by Mildner and now forms the subject matter of the present action. The latter check was made payable to "Herbert Mildner, Att., Selma Goldin". Mildner indorsed and deposited this check into his own account at Chemical Bank and never forwarded the proceeds to the plaintiff. Plaintiff argues that the check was payable to her and Mildner, jointly, and accordingly, the defendant bank could not honor the check without plaintiff's indorsement thereon. Mildner's indorsements which included her name would, therefore, amount to forgery. At trial plaintiff's former husband testified that this was a teller's check. He instructed the bank teller, when purchasing the check, to make it payable to Herbert Mildner. If the plaintiff's name had been placed on the check jointly as payee, then the check could not have been cashed without her indorsement (Uniform Commercial Code, § 3-116). It appears to this court that the facts are to the contrary and this instrument clearly falls within the ambit of section 3-117 of the Uniform Commercial Code, which provides that: "An instrument made payable to a named person with the addition of words describing him * * * (b) as any other fiduciary for a specified person or persons is payable to the payee and may be negotiated, discharged or enforced by him". Under the above provision, and absent any evidence that the bank had specific knowledge to the contrary, it appears that the check had been properly indorsed and cashed. In addition, the check involved is not ambiguous on its face, but if, in fact, an ambiguity did arise, it was readily clarified by the uncontroverted testimony of plaintiff's former husband. In fact, the evidence at the trial indicated that the first installment check was negotiated in the same form and manner as the subject check, and plaintiff never raised any objection thereto. Under these circumstances the defendant bank cannot be held liable. Concur — Sandler, J. P., Sullivan, Ross, Carro and Bloom, JJ.